UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO HERNANDEZ,<br><br>   Plaintiff,<br><br> v.<br><br>DTI GMBH,<br><br>   Defendant. | Case No. 21-cv-04065-JST<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION**<br><br>Re: ECF No. 62 |

  Before the Court is Plaintiff Alfredo Hernandez's motion for leave to file a motion for partial reconsideration. ECF No. 62. Plaintiff seeks leave to file a motion to reconsider this Court's August 26, 2024 Order, ECF No. 60 ("Order"). *Id.* Specifically, Plaintiff requests leave to ask the Court to reconsider its dismissal of Plaintiff's claim that DTI GmbH ("DTI") breached its obligation to describe ingredients by their common or usual name by listing the omega-3 fatty acids, eicosapentaenoic acid ("EPA") and docosahexaenoic acid ("DHA"), as EPA and DHA on its product. *See id.* at 3.

  The Court has discretion to reconsider its interlocutory orders at any point before it enters a final judgment. Fed. R. Civ. P. 54(b); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Reconsideration is generally appropriate only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

  Under the Local Rules of this district, a party moving for reconsideration must show reasonable diligence and base its motion on one of three enumerated grounds. *See* Civil L.R. 7-9(b)(1)–(3). As relevant here, Civil Local Rule 7-9(b)(3) provides that a motion for

reconsideration may raise a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Critically, a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890.  Here, Plaintiff cites 21 C.F.R. § 101.36(b)(3)(i) for the first time to argue that this subsection requires DTI to list EPA and DHA by their common or usual names in the supplement fact section of its product.  ECF No. 62 at 3–5.  Had plaintiff acted with reasonable diligence, he could have presented this authority earlier, but he did not.  As he acknowledges, he did not cite Section 101.36(b)(3)(i) in his complaint.  ECF No. 62 at 2.  He also failed to cite this legal authority in his opposition to DTI's motion to dismiss, despite DTI arguing that a different subsection of that same regulation indicated DTI was not required to list EPA and DHA by their common or usual names.  *See* ECF No. 56 at 21–22; ECF No. 53 at 18.   For these reasons alone, Plaintiff's motion for leave must be denied.

Even if the Court were to consider Plaintiff's belated argument, however, the Court would not reconsider its prior order.  Section 101.36(b)(3)(i) applies to "[d]ietary ingredients for which FDA has not established RDI's or DRV's and that are not subject to regulation under paragraph (b)(2) of this section." 21 C.F.R. § 101.36(b)(3)(i).  Pursuant to the allegations in Plaintiff's complaint, EPA and DHA are "constituent ingredients" of dietary ingredients, not stand alone dietary ingredients.[1]  Accordingly, Section 101.36(b)(3)(iii)—which the Court cited in its Order— provides the applicable rule and states that "[t]he constituents of a dietary ingredient . . . *may* be listed" and are therefore not *required* to be listed.  *See* 21 C.F.R. § 101.36(b)(3)(iii).  Plaintiff has thus not demonstrated any "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" before the Court's Order.

---

[1] *See* ECF No. 49 ¶ 67 ("Failure to properly identify EPA-EE and DHA-EE as constituent ingredients violates the mandates of the FDCA and independently renders the Products' Supplement Fact section false and misleading under state consumer protection laws."); *see also* ECF No. 56 at 6 (arguing that DTI's product does not "contain a single milligram of EPA/DHA, the constituent omega-3 found in fish oil"); ECF No. 62 at 5 (referring to "Plaintiff's allegation that the Defendant was obligated to describe the Product's constituent ingredients, Eicosapentaenoic acid ethyl ester (EPA-EE) and Docosahexaenoic acid ethyl ester (DHA-EE), by their common or usual names").

Plaintiff's motion for leave to file a motion for partial reconsideration is denied.

**IT IS SO ORDERED.**

Dated: September 25, 2024

JON S. TIGAR
United States District Judge